UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

                          Plaintiff,

      -against-                **MEMORANDUM OF DECISION AND ORDER**
                                        07-cr-429 (ADS) (WDW)

VARSHA MAHENDER SABHNANI and
MAHENDER MURLIDHAR SABHNANI,

                          Defendants.
-------------------------------------------------------------X

**APPEARANCES**:

**ROSLYNN R. MAUSKOPF, UNITED STATES ATTORNEY**
**EASTERN DISTRICT OF NEW YORK**
Attorneys for the Plaintiff
610 Federal Plaza
Central Islip, New York 11722
        By:    Demetri M. Jones, Assistant United States Attorney
                Mark Joseph Lesko, Assistant United States Attorney

**HOFFMAN POLLOK LLP**
Attorneys for the Defendant Varsha Mahender Sabhnani
260 Madison Avenue
22nd Floor
New York, NY 10016
        By:    Jeffrey C. Hoffman, Esq.,
                Susan C. Wolfe, Esq., Of Counsel

**STEPHEN P. SCARING, P.C.**
Attorneys for the Defendant Mahender Murlidhar Sabhnani
666 Old Country Road, Suite 501
Garden City, NY 11530
    By:    Stephen P. Scaring, Esq., Of Counsel

**SPATT, District Judge.**

On October 3, 2007, the Court granted the Government's motion to take a videotaped deposition of a witness pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 15. Further, the Court ordered the Government to provide the Defendants with all 3500 material relevant to this witness at least three days prior to the deposition. In addition, the Government was directed to produce all Brady and Giglio material relevant to this witness to the Defendants at least three days prior to the deposition.

On October 3, 2007, the Defendants requested that this Court modify its Order by directing the Government to produce all 3500, Brady and Giglio material at least five days prior to the deposition. The Defendants also request the production of all of the Government's trial exhibits. The Defendants contend that all 3500, Brady and Giglio material should be produced at this time because defense counsel will be unable to recall this witness at any time during the trial and the material may be relevant to her cross-examination.

In opposition, the Government contends that it is not obligated to produce

all 3500 material at this time, and it has already exceeded its obligations pursuant to 18 U.S.C. §3500. Further, the Government contends that it will comply with its obligations to produce all Brady and Giglio material at a later date and that the Defendants will have sufficient information to effectively cross-examine the witness. Finally, the Government has agreed to provide the Defendants with all trial exhibits.

## DISCUSSION

**A.     As To The 3500 Material**

Pursuant to the Jencks Act, 18 U.S.C. § 3500, "no prior statement made by a government witness shall be the subject of discovery until that witness has testified on direct examination." United States v. Coppa (In re United States), 267 F.3d 132, 145 (2d Cir. 2001). Further, "the Jencks Act prohibits a District Court from ordering the pretrial disclosure of witness statements." Coppa, 267 F.3d at 145; In re United States, 834 F.2d 283, 287 (2d Cir. 1987) ("as to the district court's order for the production of statements of government witnesses, the Jencks Act controlled, and the district court had no inherent power to modify or amend the provisions of that Act").

The Government has agreed to provide the Defendants, prior to the Rule 15 deposition, with the 3500 material relevant to the witness, as well as, the 3500 material from all Government witnesses that mention or refer to this witness. As

such, the Court finds that the Government has agreed to go beyond its statutory obligations regarding 3500 material. Accordingly, the Defendants' motion for the production of additional 3500 material prior to the deposition is denied.

**B.     As To The Brady/Giglio Material**

"Brady material must be disclosed in time for its effective use at trial." United States v. Gil, 297 F.3d 93, 105 (2d Cir. 2002) (citing Coppa, 267 F.3d at 142). The "disclosure on the eve of trial may be insufficient unless it is fuller and more thorough than may have been required if the disclosure had been made at an earlier stage." Id. In Gil, the Second Circuit examined whether a memorandum was produced by the Government before trial, and whether the defense was able "to read it, identify its usefulness, and use it." Id. at 106.

In the present case, the Government has agreed to produce Brady and Giglio material relevant to this witness prior to her deposition. Although the pre-trial and pre-testimony disclosure of that material relevant to this witness would normally be sufficient to satisfy the Government's obligations under Brady and Giglio, the pre-trial deposition of a witness in this case is an extraordinary circumstance. The witness, who is flying in from Indonesia at a late stage of pregnancy, is unavailable for trial and will not be recalled at any point following her pre-trial deposition. In fact, although the witness will be subject to direct and cross-examination, the Defendants will not have an opportunity to ask this

4

witness additional questions after reviewing the evidence and hearing the other trial testimony.

As a result of this extraordinary circumstance, the Court finds that there could be information contained in the Brady and Giglio material that will be necessary for the Defendants' complete and thorough cross-examination of this witness. As previously stated, Brady material must be disclosed in time for its effective use and the defense must be able to examine it, identify it and utilize it. Gil, 297 F.3d at 105-06. In order to ensure that this witness is properly examined and that no party suffers prejudice as a result of the pre-trial deposition ordered by this Court, the Court finds that the Government should produce all Brady and Giglio material to the Defendants prior to this deposition. As the Court has been advised of a tentative deposition date of Wednesday, October 10, 2007, the Government is ordered to turn over all Brady and Giglio material on or before Monday, October 8, 2007.

## **CONCLUSION**

Based on the foregoing, it is hereby

**ORDERED**, that the Defendants' motion for the production of additional 3500 material before the witness' pre-trial deposition is **DENIED**; and it is further

**ORDERED**, that the Defendants' motion for the production of all Brady/Giglio material prior to the witness' pre-trial deposition is **GRANTED**; and it is further

**ORDERED**, that the Government produce to the Defendants all Brady/Giglio material on or before October 8, 2007.

**SO ORDERED**.
Dated: Central Islip, New York
October 4, 2007

                                            */s/ Arthur D. Spatt*
                                            ARTHUR D. SPATT
                                        United States District Judge