UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

                    Plaintiff,

        -against-               **MEMORANDUM OF DECISION AND ORDER**
                                                         07-cr-429 (ADS) (WDW)

VARSHA MAHENDER SABHNANI and
MAHENDER MURLIDHAR SABHNANI,

                    Defendants.
-------------------------------------------------------------X

**APPEARANCES**:

**BENTON J. CAMPBELL, UNITED STATES ATTORNEY**
**EASTERN DISTRICT OF NEW YORK**
Attorneys for the Plaintiff
610 Federal Plaza
Central Islip, New York 11722
        By:    Mark Joseph Lesko, Assistant United States Attorney,
                 Demetri M. Jones, Assistant United States Attorney

**HOFFMAN & POLLOK LLP**
Attorneys for the Defendant Varsha Mahender Sabhnani
260 Madison Avenue
22nd Floor
New York, NY 10016
        By:    Jeffrey C. Hoffman, Esq.,
                 Susan C. Wolfe, Esq.,
                 Joanna Eftychiou-Evans, Esq., Of Counsel

**SCARING & BRISSENDEN, P.L.L.C.**
Attorneys for the Defendant Mahender Murlidhar Sabhnani
666 Old Country Road, Suite 501
Garden City, NY 11530
     By:    Stephen P. Scaring, Esq.,
             Matthew W. Brissenden, Esq.,Of Counsel

**SPATT, District Judge.**

Presently before the Court is a motion by the Government to remand Varsha Mahender Sabhnani and Mahender Murlidhaer Sabhnani (the "Defendants" or the "Sabhnanis") following their conviction and pending their March 28, 2008 sentencing. The Defendants oppose the motion.

## I.   BACKGROUND

On May 22, 2007, the Defendants were indicted and charged with two counts of forced labor in violation of 18 U.S.C. §§ 1589, 1594(a)(2), 3551 and two counts of harboring, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(iii), and 18 U.S.C. §3551.

On September 18, 2007, pursuant to a superseding indictment, the Defendants were charged with (1) conspiracy to commit forced labor in violation of 18 U.S.C. §§ 371 and 3551; (2) two counts of forced labor in violation of 18 U.S.C. §§ 1589, 1594(a), 2 and 3551; (3) conspiracy to harbor aliens in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), 1324(a)(1)(B)(iii) and 18 U.S.C. § 3551; (4) two counts of harboring aliens in violation of 1324(a)(1)(A)(iii),

2

1324(a)(1)(A)(v)(II) and 1324(a)(1)(B)(iii) and 18 U.S.C. § 3551; (5) conspiracy to commit peonage in violation of 18 U.S.C. § 1581(a); (6) two counts of peonage in violation of 18 U.S.C. §§ 1581(a), 1594(a), 2 and 3551; (7) conspiracy to commit document servitude in violation of 18 U.S.C. §§ 1581, 1589 and 1594; and (8) two counts of document servitude, in violation of 18 U.S.C. 1581, 1589 and 1594.

On October 29, 2007, the trial commenced, and on December 17, 2007, the jury returned a verdict finding the Defendants guilty of all charges set forth in the indictment. On December 18, 2007, following the jury's verdict, the Government moved to remand the Defendants pending their March 28, 2008 sentencing. During the brief argument regarding remand, the Court raised the issue of whether the crimes of which the Defendants were convicted constitute "crimes of violence" as defined by 18 U.S.C. §3156(a)(4). The Court provided the Defendants' counsel with additional time to brief the issue. On December 20, 2007, the Court received letters from all counsel discussing the issue of the Defendants' release pending their sentencing.

The Court notes that, as the jury was instructed to do, the Court is also treating the Defendants separately in this bail application.

Initially, the Court notes that it will not consider the following three factors referred to by Assistant United States Attorney Mark Lesko on December

18, 2007 during the preliminary argument on this motion. First, remorse is not relevant in a situation where the Defendants contend that they are not guilty. Understandably, it would not be expected that there would be any remorse in these circumstances, and the Court will not consider that element in making its determinations. Similarly, the Court will not consider defense counsel's reference to the histrionics of the victims because this emotional factor is also not relevant. Finally, an alleged bribery incident will also not be considered by the Court in any regard.

## II.  DISCUSSION

### A.  Release Or Detention Pending Sentence Pursuant To 18 U.S.C. § 3143(a)(2)

The key provision in this detention application is Title 18 § 3143(a)(2) entitled "Release or detention pending sentence." Section 3143(a)(2) provides that a person who has been found guilty of a "crime of violence" and is awaiting imposition or execution of sentence should be detained unless--

> (A) (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>  (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). Section 3156(a)(4) defines a "crime of violence" as

> (A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;
> (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or
> (C) any felony under chapter 109A, 110, or 117

18 U.S.C. § 3156(a)(4).

The Court agrees with the Government's summary of the key issues in this post-conviction pre-sentence bail application, as follows:

> (1) Are some of the crimes of conviction "crimes of violence" as defined in 18 U.S.C. § 3156?
>
> (2) Is there a substantial likelihood that a motion for acquittal or a new trial will be granted pursuant to 18 U.S.C. § 3143(a)(2)(A)(I)?
>
> (3) Even if the Defendants fail to meet the requirements of 18 U.S.C. § 3143(a)(2), have they shown the existence of "exceptional reasons" that would justify their release on bail under 18 U.S.C. § 3145?

### 1. As To Varsha Sabhnani

Although the Defendant Varsha Sabhnani contends that the crimes of which she has been convicted are not "crimes of violence," she fails to set forth any authority in support of her contention. The Defendants contend that the

5

offenses are not "crimes of violence" because none of the offenses required any finding by the jury that the Defendants caused an actual injury or used or threatened to use physical force. However, the jury determined that, in relation to the forced labor convictions, the Defendants did, in fact, use threats of serious harm or physical restraint and a scheme, plan or pattern intended to cause the victims to believe that non-performance would result in serious harm. The completed verdict sheet reads as follows:

> Did the Government prove, beyond a reasonable doubt, that defendant Varsha Sabhnani obtained the labor or services of Jane Doe #1- Samirah: through threats of serious harm or physical restraint against her? YES.

> Did the Government prove, beyond a reasonable doubt, that defendant Varsha Sabhnani obtained the labor or services of Jane Doe #2- Enung: through threats of serious harm or physical restraint against her? YES.

Most notably, however, in relation to the harboring aliens convictions, the jury determined that Varsha Sabhnani caused serious bodily injury to both Samirah and Enung. In this regard the verdict sheet reads as follows:

> Did the Government prove, beyond a reasonable doubt, that defendant Varsha Sabhnani caused a "serious bodily injury" to Jane Doe #1 Samirah during the commission of the crime? YES.

> Did the Government prove, beyond a reasonable doubt, that defendant Varsha Sabhnani caused a "serious bodily injury" to Jane Doe #2 Enung during the commission of the crime? YES.

As such, the Court finds that Varsha Sabhnani was convicted of "crimes of violence" within the provision of sections 3156 and 3143.

In a seminal case in this field, United States v. Lea, 360 F.3d 401 (2d Cir. 2004), it was determined that the test set forth in 18 U.S.C. § 3143(a)(2) "is a more stringent test than the one that applies to individuals who have been convicted of non-violent crimes, which requires only that the judge find 'by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released. . . .'". Lea, 360 F.3d at 403 (citing 18 U.S.C. § 3143(a)(1)). Section 3143(a)(2) in effect requires the remand of the Defendant Varsha unless she can show: (1) "that there is a substantial likelihood that a motion for acquittal or new trial will be granted;" and (2) that the she is unlikely to flee or pose a danger under section 3143(a)(1); or that "exceptional circumstances" are present as will be later discussed.

Here, the Defendant Varsha Sabhnani's Rule 29 motion for acquittal at the end of the Government's case has already been denied. In addition, the Court finds that under the circumstances in this case there is not a "substantial likelihood that a motion for acquittal or a new trial" will be granted. Accordingly, the Defendant Varsha Sabhnani has failed the first prong of the test under section 3143(a)(2).

Although the Court need not address the second prong of the test under

7

section 3143(a)(2), the Court has serious concerns with regard to that factor. Namely, that the Defendant must establish, by clear and convincing evidence that she is "not likely to flee" from the United States if released pending sentencing. Varsha has substantial ties to various countries throughout the world, as well as family members who reside abroad, including in Indonesia and Dubai. Moreover, she has spent considerable time outside of the United States, and apparently, traveled to Indonesia or areas near there for two months each year. In addition, she speaks Indonesian and has significant financial resources.

The Defendants argue that, as a result of the bail arrangement and the monitoring currently in place, there is no risk of flight. Although Stroz Friedburg has provided the required security and around the clock monitoring, including armed guards, as part of the Defendants bail arrangement for the previous few months, that arrangement has not entirely been without issue. As the Defendants and the Government are aware, and as the Government raised during argument on December 18, 2007, there was a problem with regard to an email, written by Deborah Litras, a Sabhnani employee and key Government witness, that was discovered by security guards during their monitoring duties which was revealed to the Defendants. This apparent serious breach of security has been of great concern to the Court. However, the matter has apparently been successfully resolved.

In addition, the Court notes that the situation has fundamentally changed since the current arrangement was put in place. Varsha Sabhnani has been convicted of all counts alleged in the indictment, including "crimes of violence," by what could be described as overwhelming and, in part, uncontroverted evidence set forth over the course of a seven week trial. Moreover, the jury also determined that Varsha caused serious bodily injury to Samirah and Enung, which could result in a significant enhancement of her sentence. As a result of her conviction, she faces the possibility of a substantial prison term. As such, the Court finds that only the stringent terms of the bail arrangement currently in place, are sufficient to prevent flight in a case involving multiple counts of conviction for serious crimes; a prospective lengthy term of imprisonment; considerable financial resources; and significant ties to various countries throughout the world.

"However, a defendant convicted of a crime of violence and awaiting sentencing who cannot satisfy the criteria set forth in § 3143(a)(2) may nevertheless be released if (1) the district court finds that the conditions of release set forth in § 3143(a)(1) have been met, and (2) 'it is clearly shown that there are exceptional reasons why [the defendant's] detention would not be appropriate.'" Lea, 360 F.3d at 403 (internal citations omitted). "Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to

situations that are out of the ordinary.'" Id. (internal citations omitted). "The test under § 3145(c) is necessarily a flexible one, and district courts have wide latitude to determine whether a particular set of circumstances qualifies as 'exceptional.'" Id. A wide range of factors that a court may consider include: (1) the nature of the defendant's criminal conduct; (2) the defendant's prior record; (3) the length of the future prison sentence; (4) circumstances that may render the hardships of prison unusually harsh, such as illness or injury; (5) the likelihood of success on a pending appeal; and (6) whether the defendant was unusually cooperative with the government. See United States v. Garcia, 340 F.3d 1013, 1018-22 (9th Cir. 2003).

"However, circumstances that are 'purely personal' do not rise to the level of exceptional circumstances that would warrant release." United States v. Yannotti, 457 F. Supp. 2d 385, 394 (S.D.N.Y. 2006); United States v. Lippold, 175 F. Supp. 2d 537, 540-41 (S.D.N.Y. 2001) ("The reasons set forth by Lippold do not rise to the level of exceptional circumstances so as to justify releasing him pending sentencing. Although the need to follow Congress's mandate regrettably results in separating him from his family and work, such is the case with every defendant facing a custodial sentence"). In fact, in Lippold, the defendant argued that his exceptional reasons included that he was the father of three young children whom he supported financially; that his seven-month old son had

recently been diagnosed with Bell's Palsy; and that his employer needed him to train a replacement to handle his responsibilities. Lippold, 175 F. Supp 2d at 540. The court found these reasons insufficient to rise to the level of exceptional circumstances so as to justify release pending sentencing. Id. at 541.

Varsha Sabhnani argues that exceptional circumstances justify her release, including: the conditions of her home confinement; care of four children; the need for financial management as well as management of the business; hostility from the community; and her stress and weakened condition following trial. However, as previously stated, "circumstances that are 'purely personal' do not rise to the level of exceptional circumstances that would warrant release." Yannotti, 457 F. Supp. 2d at 394. The Court has already reviewed the issue of the conditions of her home confinement. In addition, Varsha's remaining concerns, providing care to her children and the business and financial affairs of the family, will be addressed by the Court in its discussion of the application to remand Mahender Sabhnani. The Court further finds that the circumstances advanced by Varsha are purely personal and do not rise to the level of exceptional circumstances that would warrant release. Regrettably, mothers go to prison and fathers have to step up. Incarceration always is associated with severe familial inconvenience.

Accordingly, the Court grants the motion by the Government to remand Varsha Sabhnani to custody pending her sentencing.

### 2. As To Mahender Sabhnani

Although the jury determined that, in relation to the forced labor convictions, the Defendant Mahender Sabhnani used threats of serious harm or physical restraint and a scheme, plan or pattern intended to cause the victims to believe that non-performance would result in serious harm, the jury also determined that Mahender did not cause serious bodily injury to Samirah or Enung in relation to the harboring aliens convictions. Mahender lived in the house, which also was his office for five years while this conduct by Varsha was going on, and the Court is not likely to grant his motions for acquittal or a new trial. However, the evidence set forth during the trial does not indicate that Mahender personally participated in any acts of violence against Samirah or Enung.

Without consideration of a crime of violence, the test set forth in 18 U.S.C. § 3143(a)(1) is a less stringent test than the one that applies to individuals who have been convicted of violent crimes. As such, if applied to Mahender, the Court must only find "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released. . . .'". Lea, 360 F.3d at 403 (citing 18 U.S.C. § 3143(a)(1)). The Court finds that Mahender will not pose a danger to the safety of any person or the community if released. Moreover, although the Court's previous discussion

of Varsha's high risk of flight due to multiple counts of conviction for serious crimes; a lengthy term of protracted imprisonment; considerable financial resources; and significant ties to various countries throughout the world, equally applies to this Court's analysis of Mahender's risk of flight, the Court finds that there is a highly reduced risk of Mahender's flight as a result of the stated security arrangements and Varsha's incarceration.

In addition, even if the verdicts of conviction on all 12 counts does indicate that Mahender was convicted of "crimes of violence," the Court, in its discretion, finds exceptional circumstances warranting Mahender's release pending his sentencing. Mahender is solely responsible for operating his business and has various employees who are dependent upon their jobs, salaries and benefits. As such, the Court finds that Mahender should be permitted time to arrange for the affairs of the business, as well as the family's financial affairs, for the benefit of the Sabhnani's four children. In addition, Varsha's concern regarding care for the children, especially the one child who is still in high school, as well as emotional support for all of the children, can be properly addressed by Mahender's presence at home over the next few months.

Accordingly, the Court finds that Mahender should be released pending his sentencing. However, the Court directs that the home detention and security/monitoring currently in place should be maintained as to Mahender, as

appropriately reduced to secure only one of the Defendants.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the Government's motion to remand Varsha Sabhnani pending her March 28, 2008 sentencing is **GRANTED**; and it is further

**ORDERED**, that the Government's motion to remand Mahender Sabhnani pending his March 28, 2008 sentencing is **DENIED**; and it is further

**ORDERED**, that the home detention and security/monitoring currently in place, as appropriately reduced to secure only one of the Defendants, should be maintained as to Mahender Sabhnani.

**SO ORDERED**.

Dated: Central Islip, New York
December 27, 2007

                                                  */s/ Arthur D. Spatt*
                                                    ARTHUR D. SPATT
                                        United States District Judge