UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

                         Plaintiff,

        -against-                **MEMORANDUM OF DECISION AND ORDER**
                                                07-cr-429 (ADS) (WDW)

VARSHA MAHENDER SABHNANI and
MAHENDER MURLIDHAR SABHNANI,

                         Defendants.
-------------------------------------------------------------X

**APPEARANCES**:

**BENTON J. CAMPBELL, UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK**
Attorneys for the Plaintiff
610 Federal Plaza
Central Islip, New York 11722
        By:    Mark Joseph Lesko, Assistant United States Attorney,
                 Demetri M. Jones, Assistant United States Attorney

**HOFFMAN & POLLOK LLP**
Attorneys for the Defendant Varsha Mahender Sabhnani
260 Madison Avenue
22nd Floor
New York, NY 10016
        By:    Jeffrey C. Hoffman, Esq.,
                 Susan C. Wolfe, Esq.,
                 Joanna Eftychiou-Evans, Esq., Of Counsel

**SCARING & BRISSENDEN, P.L.L.C.**
Attorneys for the Defendant Mahender Murlidhar Sabhnani
666 Old Country Road, Suite 501
Garden City, NY 11530
    By:    Stephen P. Scaring, Esq.,
           Matthew W. Brissenden, Esq.,Of Counsel


**SPATT, District Judge.**

On May 22, 2007, Varsha Mahender Sabhnani ("Varsha") and Mahender Murlidhar Sabhnani ("Mahender") (collectively, the "Defendants" or the "Sabhnanis") were indicted and charged with two counts of forced labor and two counts of harboring aliens in relation to their alleged treatment of two domestic servants from Indonesia, named Samirah and Enung. On September 18, 2007, pursuant to a superseding indictment, the Defendants were charged with: (1) conspiracy to commit forced labor; (2) two counts of forced labor; (3) conspiracy to harbor aliens; (4) two counts of harboring aliens; (5) conspiracy to commit peonage; (6) two counts of peonage; (7) conspiracy to commit document servitude; and (8) two counts of document servitude.

On December 17, 2007, the jury returned a verdict finding both Defendants guilty of all 12 counts in the indictment.

On June 26, 2008, Varsha Sabhnani was sentenced to a term of imprisonment of 132 months in connection with her conviction. On June 27, 2008, Mahender Sabhnani was sentenced to a term of imprisonment of forty

months in connection with his conviction. The Court scheduled a hearing for July 11, 2008 to determine the appropriate amount of restitution owed by the Defendants.

On July 9, 2008, Samirah and Enung (the "Victims") moved, through their counsel, the Asian American Legal Defense and Education Fund, to quash subpoenas served by counsel for Varsha Sabhnani, compelling the Victims to appear and testify at the July 11, 2008 restitution hearing. The Victims contend that the subpoenas are defective pursuant to Federal Rules of Criminal Procedure ("Fed. R. Crim. P.") 17(a) and (d). In addition, they claim that compliance with the subpoenas would be unreasonable and oppressive pursuant to Rule 17(c)(2).

## DISCUSSION

**I.  As To The Motion To Quash The Subpoenas**

**A.  As To Rule 17(a)**

Fed. R. Crim. P. 17 "governs the issuance of subpoenas in criminal proceedings." United States v. Reyes, No. 94 cr 872, 1995 U.S. Dist. LEXIS 9669, at *2 (S.D.N.Y. July 12, 1995); United States v. Florack, 838 F. Supp. 77, 78 (W.D.N.Y. 1993). Rule 17(a) provides:

> A subpoena must state the court's name and the title of the proceeding, include the seal of the court, and command the witness to attend and testify at the time and place the subpoena specifies. The clerk must issue a blank subpoena--signed and sealed--to the party requesting it, and that party must fill in the blanks before the

subpoena is served.

Fed R. Crim. Proc. 17(a). Specifically, "any party . . . may cause a subpoena to be issued by the Clerk of the Court as a matter of course and without any judicial intervention. A party simply obtains a blank subpoena from the Clerk, fills in the name of the subpoenaed witness, and specifies the time and place at which the witness must attend and give testimony." <u>Reyes</u>, 1995 U.S. Dist. LEXIS at *2; <u>Florack</u>, 838 F. Supp. at 78. <u>See also</u> <u>United States v. Beckford</u>, 964 F. Supp. 1010, 1015 (E.D. Va. 1997) ("When a party requests issuance of a subpoena 'for the attendance of a witness' at trial, Rule 17(a) directs the clerk to issue the subpoena 'signed and sealed but otherwise in blank,' to that party; the party (most often counsel) then fills in the necessary information before service of the subpoena").

In the present case, the Victims contend that the subpoenas do not include the seal of the Court. As the Victims have included copies of the subpoenas for the Court's review, it is clear that the seal is missing from the subpoenas. As such, pursuant to Rule 17(a), the subpoenas are defective.

**B.     As To Rule 17(d)**

Fed. R. Crim. P. 17(d) governs service of subpoenas in criminal cases. Pursuant to Rule 17(d):

A marshal, a deputy marshal, or any nonparty who is at least 18

> years old may serve a subpoena. The server must deliver a copy
> of the subpoena to the witness and must tender to the witness one
> day's witness-attendance fee and the legal mileage allowance. The
> server need not tender the attendance fee or mileage allowance
> when the United States, a federal officer, or a federal agency has
> requested the subpoena.

Fed. R. Crim. P. 17(d). Pursuant to Rule 17(d), "[t]he server must deliver a copy of the subpoena to the witness. A subpoena must be served personally on a witness." See 25 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 617.05 (3d ed. 1999); see also Ferrari v. United States, 244 F.2d 132, 141 (9th Cir. 1957); United States v. Venecia, No. 96-cr-449, 1997 U.S. Dist. LEXIS 6299, at *3 (D. Or. Apr. 24, 1997) (motion to quash granted because subpoena served by facsimile failed to comply with Rule 17(d)); United States v. Crosland, 821 F. Supp. 1123, 1128 (E.D. Va. 1993) (subpoena was not delivered to the person named. As such, it "was not served in accordance with the controlling provisions of the Federal Rules, and the motion to quash was granted").

The companion civil rule with regard to the service of subpoenas also requires personal service on the person to be subpoenaed. Federal Rule of Civil Procedure 45(b) states that:

> Serving a subpoena requires delivering a copy to the named person
> and, if the subpoena requires that person's attendance, tendering the
> fees for 1 day attendance and the mileage allowed by law.

Also, the rule as to personal service is stated by Wright and Miller, as follows:

> personal service of subpoenas is required. The use of the word "delivering" in . . . the rule with reference to the person to be served has been construed literally . . . contrary to the practice with regard to the service of a summons and complaint, it is not sufficient to leave a copy of the subpoena at the dwelling place of the witness. Moreover, unlike service of most litigation papers after the summons and complaint, service on a person's lawyer will not suffice.

9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §2454 (3d ed. 1998). See also Federal Trade Commission v. Compagnie de Saint-Gobain-Pont-A-Mousson, 636 F.2d 1300, 1312-137 (D.C. Cir. 1980) (no form of mail service is permitted; "compulsory process may be served upon an unwilling witness only in person"); Khachikian v. BASF Corp., No. 91-cv-573, 1994 U.S. Dist. LEXIS 2881, at *4 (N.D.N.Y Mar. 4, 1994) holding subpoena not personally served to be a nullity); Conanicut Investment Co. v. Coopers & Lybrand, No. 89-0195, 1989 U.S. Dist. LEXIS 8227, at *2-3 (E.D.N.Y. July 11, 1989) (holding that "[n]owhere in Rule 45 is the Court given discretion to permit alternate service in troublesome cases").

In the present case, the Victims contend that the subpoenas were not personally served on them. They contend that the subpoenas were served by overnight mail, and on persons other than Samirah and Enung. Although not specifically noted in their papers, it appears that the subpoenas were actually served upon the Assistant United States Attorneys representing the Government.

As such, the subpoenas do not comply with Rule 17(d).

As the subpoenas at issue in this case violate Rule 17(a) and Rule 17(d), this Court need not reach the issue of the applicability of Rule 17(c). The Court will address the trial testimony previously provided by Samirah and Enung in connection with the restitution issue.

The motion by Samirah and Enung to quash the subpoenas issued by the attorneys for the Defendant Varsha Sabhnani is granted.

### **CONCLUSION**

As such, it is hereby

**ORDERED,** that the motion by Samirah and Enung to quash the subpoenas issued by the attorney for the Defendant Varsha Sabhnani is **GRANTED.**

**SO ORDERED**.

Dated: Central Islip, New York
July 19, 2008

                                            */s/ Arthur D. Spatt*
                                            ARTHUR D. SPATT
                                     United States District Judge