UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                              Plaintiff,

               -against-                **AMENDED MEMORANDUM OF DECISION AND ORDER**
07-cr-429 (ADS)(WDW)

VARSHA MAHENDER SABHNANI and
MAHENDER MURLIDHAR SABHNANI,

                              Defendants.
----------------------------------------------------------X

**APPEARANCES**:

**BENTON J. CAMPBELL, UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK**
Attorneys for the Plaintiff
610 Federal Plaza
Central Islip, New York 11722
       By:    Mark Joseph Lesko, Assistant United States Attorney,
               Demetri M. Jones, Assistant United States Attorney,
               Vincent Lipari, Assistant United States Attorney


**HOFFMAN & POLLOK LLP**
Attorneys for the Defendant Varsha Mahender Sabhnani
260 Madison Avenue
22nd Floor
New York, NY 10016
       By:    Jeffrey C. Hoffman, Esq.,
               Susan C. Wolfe, Esq.,
               Joanna Eftychiou-Evans, Esq., Of Counsel

**SCARING & BRISSENDEN, P.L.L.C.**
Attorneys for the Defendant Mahender Murlidhar Sabhnani
666 Old Country Road, Suite 501
Garden City, NY 11530
    By:    Stephen P. Scaring, Esq.,
            Matthew W. Brissenden, Esq.,Of Counsel

**SPATT, District Judge.**

On May 22, 2007, Varsha Mahender Sabhnani ("Varsha") and Mahender Murlidhar Sabhnani ("Mahender") (collectively, the "Defendants" or the "Sabhnanis") were indicted and charged with two counts of forced labor and two counts of harboring aliens in relation to their alleged treatment of two domestic servants from Indonesia, named Samirah and Enung. On September 18, 2007, pursuant to a superseding indictment, the Defendants were charged with: (1) conspiracy to commit forced labor; (2) two counts of forced labor; (3) conspiracy to harbor aliens; (4) two counts of harboring aliens; (5) conspiracy to commit peonage; (6) two counts of peonage; (7) conspiracy to commit document servitude; and (8) two counts of document servitude.

On December 17, 2007, the jury returned a verdict finding both Defendants guilty of all 12 counts in the indictment. Further, after receiving instructions from the Court on the law governing forfeiture, the jury again deliberated and determined that the Defendants' house located at 205 Coachman

Place East, Muttontown, New York, should be forfeited to the Government.

On June 26, 2008, Varsha Sabhnani was sentenced to a term of imprisonment of 132 months in connection with her conviction. On June 27, 2008, Mahender Sabhnani was sentenced to a term of imprisonment of forty months in connection with his conviction.

Presently before the Court is the issue of forfeiture of the Defendants' home, located at 205 Coachman Place East, Muttontown, New York. Although the jury determined that forfeiture is appropriate, the Defendants object and contend that forfeiture violates the Excessive Fines Clause of the Eighth Amendment of the United States Constitution. The Defendants further contend that forfeiture of Mahender's entire interest in the home is not appropriate because his office is annexed to the house.

## DISCUSSION

**I.     As To Forfeiture**

"Forfeiture is to be imposed upon a convicted defendant as provided by statute." Sentencing Guidelines Manual §5E1.4. The procedures governing criminal forfeiture are set forth in Federal Rule of Criminal Procedure 32.2(b)(1), which provides:

> As soon as practicable after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal

> forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.

Fed R. Crim. P. 32.2(b)(1).

It is well-settled in the Second Circuit that once the defendant is convicted of an offense on proof beyond a reasonable doubt, the government is only required to establish the forfeitability of the property subject to criminal forfeiture as a result of that offense by a preponderance of the evidence. United States v. Fruchter, 411 F.3d 377, 383 (2d Cir. 2005) ("Booker and Blakely [do not] require proof beyond a reasonable doubt in open-ended punishment schemes, such as [criminal] forfeiture."); see also Libretti v. United States, 516 U.S. 29, 49, 116 S. Ct. 356, 367-68, 133 L. Ed. 2d 271, 289 (1995).

Under Rule 32.2(b)(1), the court is assigned the task of determining whether there is a sufficient nexus between the property and the offense of conviction or the amount of money the defendant will be ordered to pay. The court makes these determinations based upon the evidence in the record of the criminal trial or evidence presented at a hearing after the verdict. See Fruchter,

4

411 F.3d at 384.

A. As To The Forfeiture Statutes Relevant To The Present Case

In the present case, the Government seeks forfeiture of property alleged to have been used to commit, or to facilitate the commission of the offenses of which the Defendants were found guilty. The Government seeks forfeiture of the Defendants' home located at 205 Coachman Place East, Muttontown, NY, pursuant to 18 U.S.C § 1594 and 18 U.S.C. § 982(a)(6)(A).

18 U.S.C. § 1594 provides:

(a) Whoever attempts to violate section 1581, 1583, 1584, 1589, 1590, or 1591 [18 USCS § 1581, 1583, 1584, 1589, 1590, or 1591] shall be punishable in the same manner as a completed violation of that section.
(b) The court, in imposing sentence on any person convicted of a violation of this chapter [18 USCS §§ 1581 et seq.], shall order, in addition to any other sentence imposed and irrespective of any provision of State law, that such person shall forfeit to the United States--
   (1) such person's interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and
   (2) any property, real or personal, constituting or derived from, any proceeds that such person obtained, directly or indirectly, as a result of such violation.
 (c) (1) The following shall be subject to forfeiture to the United States and no property right shall exist in them:
     (A) Any property, real or personal, used or intended to be used to commit or to facilitate the commission of any violation of this chapter [18 USCS §§ 1581 et seq.].
     (B) Any property, real or personal, which constitutes or is derived from proceeds traceable to any violation of this chapter [18 USCS §§ 1581 et seq.].
   (2) The provisions of chapter 46 of this title [18 USCS §§ 981 et

5

seq.] relating to civil forfeitures shall extend to any seizure or civil forfeiture under this subsection.

18 U.S.C. § 1594. Pursuant to § 982(a)(6)(A):

> The court, in imposing sentence on a person convicted of a violation of, or conspiracy to violate, section 274(a), 274A(a)(1), or 274A(a)(2) of the Immigration and Nationality Act [8 USCS §§ 1324(a), 1324a(a)(1), or 1324a(a)(2)] or section 555, 1425, 1426, 1427, 1541, 1542, 1543, 1544, or 1546 of this title [18 USCS § 555, 1425, 1426, 1427, 1541, 1542, 1543, 1544, or 1546], or a violation of, or conspiracy to violate, section 1028 of this title [18 USCS § 1028] if committed in connection with passport or visa issuance or use, shall order that the person forfeit to the United States, regardless of any provision of State law--
>     (i) any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense of which the person is convicted; and
>     (ii) any property real or personal--
>       (I) that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the person is convicted; or
>       (II) that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of which the person is convicted.

18 U.S.C. § 982(a)(6)(A).

Pursuant to both 18 U.S.C. § 982 and 18 U.S.C. § 1594, any property, real or personal, involved in such offense, derived from the offense, or used to facilitate the commission of the offense is subject to forfeiture. "Facilitation occurs when the property makes the prohibited conduct less difficult or more or less free from obstruction or hindrance." United States v. Wyly, 193 F.3d 289,

6

302 (5th Cir. 1999).

**B.    As To The Jury's Forfeiture Verdict**

In the present case, following the jury's verdict on the counts in the indictment, the Court presented the forfeiture issue to the jury for deliberation and for a supplemental verdict. The Court charged the jury on forfeiture as follows:

> IT IS THE GOVERNMENT'S BURDEN TO ESTABLISH THAT DEFENDANTS' PROPERTY SHOULD BE FORFEITED. YOU SHOULD FIND THAT THE GOVERNMENT HAS MET ITS BURDEN IF IT HAS ESTABLISHED THE FORFEITABILITY OF THE PROPERTY BY A PREPONDERANCE OF THE EVIDENCE . . .

The Court charged the jury as to forced labor, peonage and document servitude forfeiture as follows:

> THE GOVERNMENT SEEKS FORFEITURE PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 1594 OF THE UNITED STATES CODE. THIS STATUTE PROVIDES IN RELEVANT PART:
> "THE COURT, IN IMPOSING SENTENCE ON A PERSON CONVICTED OF AN OFFENSE IN VIOLATION OF SECTIONS 1581 AND 1589 OF THIS TITLE . . . SHALL ORDER . . . THAT THE PERSON FORFEIT TO THE UNITED STATES ANY PROPERTY, REAL OR PERSONAL, THAT WAS USED OR INTENDED TO BE USED TO COMMIT OR TO FACILITATE THE COMMISSION OF SUCH OFFENSE, OR ANY PROPERTY TRACEABLE TO SUCH PROPERTY."

The Court charged the jury as to harboring aliens forfeiture, as follows:

> THE GOVERNMENT ALSO SEEKS FORFEITURE PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION S982(a)(6)(A). SECTION 982(a)(6)(A) PROVIDES

IN RELEVANT PART:

> THE COURT, IN IMPOSING SENTENCE ON A PERSON CONVICTED OF AN OFFENSE IN VIOLATION OF [TITLE 8 UNITED STATES CODE, SECTIONS 1324(a)(1)(a)(iii), 1324(a)(1)(B)(I)] . . . SHALL ORDER . . . THAT THE PERSON FORFEIT TO THE UNITED STATES ANY PROPERTY, REAL OR PERSONAL, THAT WAS USED OR INTENDED TO BE USED TO COMMIT OR FACILITATE THE COMMISSION IN SUCH OFFENSE, OR ANY PROPERTY TRACEABLE TO SUCH PROPERTY.
>
> ACCORDINGLY, YOU MUST RENDER A SPECIAL VERDICT CONCERNING THE FORFEITURE THAT THE GOVERNMENT SEEKS AGAINST THE DEFENDANTS.

The Court further instructed the jury on the meaning of "Facilitating Property."

> FACILITATING PROPERTY, WHICH IS SUBJECT TO FORFEITURE, IS ANY PROPERTY USED OR INTENDED TO BE USED TO FACILITATE THE COMMISSION OF THE FORCED LABOR, HARBORING ALIENS, PEONAGE AND/OR DOCUMENT SERVITUDE OFFENSES OF WHICH YOU HAVE CONVICTED THE DEFENDANTS. FACILITATING PROPERTY IS ANY PROPERTY THAT MAKES THE CRIME EASIER TO COMMIT OR HARDER TO DETECT. IF THE USE OF THE PROPERTY MADE THE CRIME HARDER TO DETECT, IT IS SUBJECT TO FORFEITURE.
>
> TO "FACILITATE" THE COMMISSION OF AN OFFENSE MEANS TO AID, PROMOTE, ADVANCE OR MAKE EASIER THE COMMISSION OF THE ACT OR ACTS CONSTITUTING THE OFFENSE. THERE MUST BE MORE THAN AN INCIDENTAL OR FORTUITOUS CONNECTION BETWEEN THE PROPERTY AND THE OFFENSE FOR YOU TO FIND THAT THE PROPERTY FACILITATED OR WAS INTENDED TO FACILITATE THE COMMISSION OF THE OFFENSE.
>
> HOWEVER, THE PROPERTY NEED NOT BE INDISPENSABLE TO THE COMMISSION OF THE ILLEGAL ACTIVITY. NOR DOES THE PROPERTY HAVE TO HAVE

> BEEN USED BY THE DEFENDANTS EXCLUSIVELY FOR
> THIS BEHAVIOR TO BE FORFEITABLE. PROPERTY THAT
> IS USED THE VAST MAJORITY OF THE TIME FOR
> LEGITIMATE PURPOSES MAY NEVERTHELESS BE
> FORFEITED IF IT FACILITATES A CRIMINAL OFFENSE.
> THE FACILITATION OF EVEN A SINGLE OFFENSE IS
> SUFFICIENT TO JUSTIFY FORFEITURE.

The Court further instructed the jury as to forfeiture of the entire property, as follows:

> THE FORFEITURE STATUTE PROVIDES THAT ALL
> REAL PROPERTY USED "OR INTENDED TO BE USED" TO
> COMMIT OR TO FACILITATE THE COMMISSION OF THE
> OFFENCES OF WHICH YOU HAVE CONVICTED THE
> DEFENDANTS IS FORFEITABLE. THUS EVEN WHEN ONLY
> A PART OF THE PROPERTY IS USED ILLEGALLY, THE
> STATUTE CALLS FOR FORFEITURE OF THE ENTIRE
> PROPERTY.

The Court also charged the jury as to the necessity of a unanimous verdict in connection with the forfeiture provisions, as follows:

> YOUR VERDICT THAT THE REAL PROPERTY AND
> PREMISES LOCATED AT 205 COACHMAN PLACE EAST,
> MUTTONTOWN, NEW YORK, IN THE NAMES OF
> MAHENDER SABHNANI AND VARSHA SABHNANI, IS
> SUBJECT TO FORFEITURE MUST BE UNANIMOUS. THAT
> IS, EVERYONE MUST AGREE THAT THE EVIDENCE
> PROVES, BY A PREPONDERANCE OF THE EVIDENCE,
> THAT 205 COACHMAN PLACE EAST, MUTTONTOWN,
> NEW YORK WAS USED OR INTENDED TO BE USED TO
> FACILITATE THE FORCED LABOR, ALIEN HARBORING,
> PEONAGE, AND DOCUMENT SERVITUDE OFFENSES.

The jury deliberated and determined that the Government established that

the house at 205 Coachman Place East, Muttontown, NY should be forfeited.

Specifically, the verdict sheet returned by the jury reads as follows:

> As to the Alleged Forfeiture of the Defendants' Property
> Please answer questions 1 through 8.
>
> 1. As to the defendant Varsha Sabhnani, did the Government prove, by a preponderance of the evidence, that her house located at 205 Coachman Place East, Muttontown, New York is subject to forfeiture as property Varsha Sabhnani used or intended to be used to facilitate the commission of the forced labor offense alleged in Counts 1 through 3 of the Indictment?
> YES ___✓_____       NO _____
>
> 2. As to the defendant Varsha Sabhnani, did the Government prove, by a preponderance of the evidence, that her house located at 205 Coachman Place East, Muttontown, New York is subject to forfeiture as property Varsha Sabhnani used or intended to be used to facilitate the commission of the harboring aliens offense alleged in Counts 4 through 6 of the Indictment?
> YES ___✓_____       NO _____
>
> 3. As to the defendant Varsha Sabhnani, did the Government prove, by a preponderance of the evidence, that her house located at 205 Coachman Place East, Muttontown, New York is subject to forfeiture as property Varsha Sabhnani used or intended to be used to facilitate the commission of the peonage offense alleged in Counts 7 through 9 of the Indictment?
> YES ___✓_____       NO _____
>
> 4. As to the defendant Varsha Sabhnani, did the Government prove, by a preponderance of the evidence, that her house located at 205 Coachman Place East, Muttontown, New York is subject to forfeiture as property Varsha Sabhnani used or intended to be used to facilitate the commission of the document servitude offense alleged in Counts 10 through 12 of the Indictment?

YES ___✓_____                NO _____

5. As to the defendant Mahender Sabhnani, did the Government prove, by a preponderance of the evidence, that his house located at 205 Coachman Place East, Muttontown, New York is subject to forfeiture as property Mahender Sabhnani used or intended to be used to facilitate the commission of the forced labor offense alleged in Counts 1 through 3 of the Indictment?
YES __✓_____                NO _____

6. As to the defendant Mahender Sabhnani, did the Government prove, by a preponderance of the evidence, that his house located at 205 Coachman Place East, Muttontown, New York is subject to forfeiture as property Mahender Sabhnani used or intended to be used to facilitate the commission of the harboring aliens offense alleged in Counts 4 through 6 of the Indictment?
YES __✓_____                NO _____

7. As to the defendant Mahender Sabhnani, did the Government prove, by a preponderance of the evidence, that his house located at 205 Coachman Place East, Muttontown, New York is subject to forfeiture as property Mahender Sabhnani used or intended to be used to facilitate the commission of the peonage offense alleged in Counts 7 through 9 of the Indictment?
YES __✓_____                NO _____

8. As to the defendant Mahender Sabhnani, did the Government prove, by a preponderance of the evidence, that his house located at 205 Coachman Place East, Muttontown, New York is subject to forfeiture as property Mahender Sabhnani used or intended to be used to facilitate the commission of the document servitude offense alleged in Counts 10 through 12 of the Indictment?
YES ___✓_____               NO _____

### C. As To Forfeiture of The Defendants' Home

Despite the jury's findings, the Sabhnanis contend that the home is not subject to forfeiture. Specifically, they contend that forfeiture violates the Excessive Fines Clause of the Eighth Amendment. Further, Mahender contends that his interest in the house is not subject to forfeiture because his office is annexed to the house.

#### 1. As To The Excessive Fines Clause

"In United States v. Bajakajian, 524 U.S. 321, 118 S. Ct. 2028, 141 L. Ed. 2d 314 (1998), the Court held that criminal forfeitures are punitive and subject to proportionality review under the Excessive Fines Clause of the Eighth Amendment." United States v. Rudaj, No. 04 Cr. 1110, 2006 U.S. Dist. LEXIS 45080, at *21-22 (S.D.N.Y. July 5, 2006) (citing Bajakajian, 524 U.S. at 333-34). "As a consequence, 'the amount of the forfeiture must bear some relationship to the gravity of the offense that it was designed to punish.'" Id. (citing Bajakajian, 524 U.S. at 334). "If the forfeiture is grossly disproportional, the court should reduce or eliminate the forfeiture as necessary to avoid a violation of the Excessive Fines Clause of the Eighth Amendment of the Constitution." von Hofe v. United States, 492 F.3d 175, 183 (2d Cir. 2007) (internal citations omitted).

In Bajakajian, in order to determine whether forfeiture was warranted, the Court considered: "(a) 'the essence of the crime' of the respondent and its relation

to other criminal activity, (b) whether the respondent fit into the class of persons for whom the statute was principally designed, (c) the maximum sentence and fine that could have been imposed, and (d) the nature of the harm caused by the respondent's conduct." United States v. Collado, 348 F.3d 323, 328 (2d Cir. 2003) (citing Bajakajian at 337-39).

In this case, the essence of the Defendants' crimes involve harboring illegal aliens and forcing them to perform domestic labor. In addition, the jury determined that Varsha actually caused serious bodily injury to the victims. As such, the Court finds that the Defendants fit into the class of persons for whom the statutes were designed. In addition, the Court could have imposed statutory maximum sentences of 5 years on counts 1, 7, 10, 11 and 12, and 20 years on counts 2 through 6 and 9 as to both Defendants. Further, as to each Defendant, the Court could have imposed a maximum fine of $250,000 on each count. Also, the Court must consider the harm caused by the Defendants' conduct. Throughout the trial, the testimony revealed the horrors encountered by the victims during the years they spent with the Defendants. The victims were starved, tortured, cut and beaten over the course of years. The harm to the victims in this case is truly grave.

Mahender cites to von Hofe v. United States, 492 F.3d 175 (2d Cir. 2007) in support of his contention that forfeiture violates the Excessive Fines Clause.

This contention is without merit. In von Hofe, a civil forfeiture case, the husband and wife contested the civil forfeiture of their home, which had been used to grow marijuana, claiming that it was grossly disproportionate. The Second Circuit found that "the culpability of a claimant is relevant to our excessiveness determination." von Hofe, 492 F.3d at 185. The Second Circuit determined that forfeiture of the wife's interest in the house was an excessive fine. In this regard, the Court noted that "Kathleen von Hofe bears minimal blame for the criminal activity that occurred at 32 Medley Lane. The record is devoid of any evidence indicating her use of drugs or her involvement in any criminal activity whatsoever . . . We also have no evidence to suggest Mrs. von Hofe encouraged or promoted the offensive conduct occurring at 32 Medley Lane." Id. at 188. In fact, Mrs. von Hofe entered an Alford plea to possession of less than four ounces of a controlled substance, the equivalent of a misdemeanor, and received a nine month suspended sentence and a conditional discharge.

Although Mahender contends that he, like Kathleen von Hofe, played an almost entirely passive role in the offenses, his claim is without merit. As this Court has discussed various times in the past, Mahender was convicted of all twelve counts of the indictment involving twelve major crimes, some with statutory punishment up to 20 years. The jury determined, beyond a reasonable doubt, that he played much more than merely a passive, minimal role in these
14

crimes. For example, the testimony revealed, among other matters, that when Samirah and Enung arrived in the United States, Mahender and Varsha both met them at the airport. Also, although Mahender was not present during Samirah's beatings by Varsha, afterwards Mahender did see her face swollen. Further, Samirah testified that Mahender observed her eating food from the trash and on another occasion, sleeping in the bathroom. According to Samirah, Mahender reported both events to Varsha, who then "immediately hit" her. In addition, Samirah testified that Mahender scolded her and took her "to clean another person's home." Mahender also saw Samirah wearing rags. Notably, Enung testified that Varsha punished her for eating two chocolates by forcing her to stand in one place all day. During this time, Mahender laughed at her while she was standing in one place as an all day punishment. (Tr. 1791-92, 1847-49, 1855, 1869-70, 1877, 2082, 2367, 2445-47, 3494-95).

As such, Mahender did not play an entirely passive role, although his role was far less culpable than that played by his wife. Mahender's situation is not comparable to that of the wife in the civil forfeiture <u>von Hofe</u> case, who plead guilty only to a misdemeanor crime of possession of less than four ounces of a controlled substance.

Accordingly, the Court finds that forfeiture of the house does not violate the Excessive Fines Clause.

### 2. As To The Home Office

As previously discussed, there must be some relationship between the crimes and the property to be forfeited. Mahender contends that forfeiture of his interest in the home is not appropriate because, annexed to the home, is his office which, he says, should not be included in the forfeiture. The Court notes that although counsel for Mahender raised this issue orally during Mahender's sentencing, despite the Court's two week adjournment of this proceeding, he has not submitted any papers in support of this contention.

In this regard, the Defendants apparently contend that this annexed office can somehow be separated from the home, and because of that separation did not facilitate the commission of the offenses which give rise to the forfeiture. The Court disagrees. The office is part of the Muttontown property. It is not detached or in a separate building. One enters the office through a door leading from the large kitchen in the home. (Tr. at 414-42). The office does not have a separate street address and it does not have separate ownership.

Further, the office is part of the Defendants' home and that indisputable fact alone makes it subject to forfeiture. As stated above, in this respect, the Court charged the jury as follows:

> The statute provides all real property used or intended to be used to commit or facilitate the commission of the offenses of which you have convicted the defendants, is forfeitable. Thus, even when only a part of the property is used illegally, the statute calls for the

forfeiture of the entire property.

However, a review of the trial testimony reveals that Mahender's office, which was annexed to and physically part of his home, was involved in the offenses and used to facilitate the commission of the crimes. In fact, Debra Litras, an employee of Mahender Sabhnani, testified that Samirah and Enung cleaned the bathroom in Mahender's office. In addition, Litras testified that Samirah entered Mahender's offices with blood on her face. Further, James Colletti, a witness for the Defendants, testified that he saw Samirah and Enung enter Mahender's offices bringing beverages in and out of the offices. In addition, Samirah testified that she washed the floor of Mahender's office. Also, on one occasion, they came into the office in tattered clothes, "disturbed [and] undernourished," threw a handful of raw peppers on the ground, both gestured to Litras that they were forced to eat them, and one showed Litras a big gash behind her ear and a black and blue bruise on her shoulder. (Tr. at 1767-68; 3839; 3860-65; 3888; 4122).

Accordingly, the Court finds that forfeiture of the entire house, including the attached office, is appropriate and granted.

## **CONCLUSION**

Based on the foregoing, it is hereby

**ORDERED**, that the Government's motion for forfeiture of the entire

house located at 205 Coachman Place East, Muttontown, New York is

**GRANTED**.

    **SO ORDERED**.

Dated: Central Islip, New York
       July 26, 2008

                                              */s/ Arthur D. Spatt*
                                              ARTHUR D. SPATT
                                      United States District Judge